IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DENNIS HOLLOMAN and ELIZABETH HOLLOMAN, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 1:03-CV-3461-RWS : |
| TRINITY RAILCAR REPAIR, INC., | : : : |
| Defendant. | : |

ORDER

This case is before the Court for consideration of Defendant's Motion for Partial Summary Judgment [66]. Based upon a review of the entire record, the Court finds that there are issues of fact that preclude the granting of a motion for partial summary judgment.

**FACTUAL BACKGROUND**[1]

Plaintiff Dennis Holloman ("Holloman") became employed with CSX Intermodal Terminal, Inc. ("CSXIT") in May 1992. On November 22, 2001,

---

[1] The Factual Background is based on the undisputed facts taken from Defendant's Statement of Undisputed Material Facts and Plaintiffs' Response thereto. The Court will note when facts alleged by Defendant are disputed by Plaintiffs.

AO 72A

Holloman was working for CSXIT on the Fairburn ramp at the CSX rail yard in Fairburn, Georgia as a crane operator. Between approximately 3:00 a.m. and 3:30 a.m., Holloman was operating a crane to unload a 53-foot trailer from the bed of a railcar on Track # 2 at the Fairburn Yard. At that time, Trinity Railcar Repair, Inc. ("Trinity") was moving railcars to and from Track # 2 at the request of the Fairburn Yard's manager.

As Trinity moved a particular series of railcars forward, the railcar on which Holloman was working also began moving forward eventually causing Holloman's crane to topple over while Holloman was still inside the crane cab. Holloman did not immediately seek medical treatment, but on November 26, 2001, Holloman visited Dr. Schmidt at the Hughston Clinic. Dr. Schmidt prescribed physical therapy and ordered an MRI that was later denied by workers compensation.

Between November 26, 2001 and April 24, 2003, Plaintiff visited numerous physicians and surgeons for treatment of his back pain. After being released by Robin Armenia, D.O., Holloman returned to work in February 2002 for approximately two (2) days, after which he complained of back pain and failed to return to work thereafter. On April 24, 2003, Plaintiff met with Plas T. James, M.D., who recommended an L5-S1 interbody fusion. On September 29,

2

2003, Dr. James performed the interbody fusion on Holloman.  Typically, Dr. James does not release his patients to return to full duty until one (1) year after fusion surgery.  On April 2, 2004, Holloman visited Dr. James and complained of "severe low back pain."

In May or June 2004, Holloman asked Peter Harvey, M.D. to release him to return to work with no restrictions.  Defendant contends that Holloman believed that he was fully prepared and physically able to return to work.  Holloman admits that he did make such representations to Dr. Harvey but that the representations were not true.  Holloman's workers compensation benefits had been cut off and he had no source of funds to pay his bills.  Holloman testified that he needed to go back to work and knew that Dr. James would not allow him to return to work so he went to Dr. Harvey.  Holloman had seen Dr. Harvey as part of his workers compensation treatment.  Even though Holloman did not feel like he had before the 2001 injury, he did think he could do the job.  Holloman stated that he told Dr. Harvey what he needed to hear so that he would allow Holloman to return to work.

Trinity relies upon a line of Georgia cases holding that "if a party testifying in his own behalf intentionally or deliberately contradicts himself, the more favorable portion of the contradictory testimony shall be treated as though

3

it did not exist." Combs v. Adair Mortg. Co., 245 Ga. 296, 297, 264 S. E. 2d 226, 227 (1980); Chambers v. Citizens & Southern Nat'l Bank, 242 Ga. 498, 502, 249 S. E. 2d 214, 217 (1978); Collins v. Levine, 156 Ga. App. 502, 504-05, 274 S. E. 2d 841, 843 (1980). The Court recognizes the principle relied upon by Trinity, but finds that the principle is inapplicable to the facts of this case. The cases cited by Trinity involved situations where a party has given conflicting testimony in a case. The circumstances here do not involve conflicting testimony by Holloman. Rather, in his testimony, Holloman has been consistent. Admittedly, Trinity has a valid argument that Holloman was not truthful, or at least less than candid, with Dr. Harvey. However, his statements to Dr. Harvey were not sworn testimony. In his testimony before the Court through affidavit and deposition, Holloman has admitted making the statements to Dr. Harvey. He has also admitted that the statements did not accurately reflect his perception of his condition at that time. Thus, construing the facts most favorably to the nonmovant, as the Court must do on a motion for summary judgment, the Court is permitted to conclude that although Holloman was not completely healed from his 2001 injury, he stated to Dr. Harvey that he was able to go back to work. The fact that he made such a statement to Dr.

4

Harvey does not prove that he was, in fact, completely healed and able to return to work.

When Holloman returned to work in either May or June of 2004, he climbed up into the cab of a crane, where he sat on a cooler for several hours and observed another crane operator loading and unloading railcars. When it came time to break for lunch, Holloman attempted to climb down from the cab of the crane to the ground. Holloman states that he was aching and feeling stiff. On the way down, Holloman missed a step near the bottom of the ladder attached to the crane. He twisted around and felt something give in his back and collapsed to his knees. Holloman was taken from the job site in an ambulance.

On June 29, 2004, Holloman visited Dr. James and complained of back pain and bilateral pain down to his knees. On August 27, 2004, Holloman visited Dr. James and complained of right-sided low back pain. Dr. James recommended that Holloman undergo a hardware block to determine whether his localized pain was arising from a loosening or shifting of the lumbar hardware placed in Plaintiff's back during the 2003 interbody fusion. On September 21, 2004, Dr. Thomas Fuller, of the Atlanta Spine Center, performed the prescribed hardware block. On September 24, 2004, Holloman visited Dr. James and reported "that his pain was relieved totally by the hardware block."

5

AO 72A

Dr. James then recommended that Holloman undergo hardware removal. On October 11, 2004, Dr. James removed the lumbar hardware from Holloman's back. During that hardware removal procedure, Dr. James discovered that the 2003 interbody fusion had healed solid. At a follow-up visit on October 28, 2004, Dr. James found that the removal was "doing great" and he was "very pleased with his results." James dep. at 48: 2-25.

## **Discussion**

Federal Rule of Civil Procedure 56(c) provides that a district court shall grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to any material fact and that (2) the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing the absence of a genuine issue as to any material fact. The applicable substantive law identifies which facts are material, and a fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. 477

U.S. at 249-50.  The Court must view the materials submitted in favor of the motion in the light most favorable to the non-moving party. Adickes v. S.J. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 142 (1970).

When the nonmovant has the burden of proof at trial, the movant may carry its burden at summary judgment by demonstrating the absence of an essential element of the nonmovant's claim.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  In determining whether the movant has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the nonmovant. Anderson, 477 U.S. at 255.   If the movant meets this burden, the nonmovant then has the burden of showing that summary judgment is not appropriate by setting forth "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P.  56(e).  The non-moving party cannot rely on the pleadings, but must file a response which includes other evidence showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); see Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (stating that non-movant must come forward with "specific facts" showing genuine issue for trial); Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

AO 72A

Mere conclusory allegations and assertions are insufficient to create a disputed issue of material fact. Earley v. Champion Int'l Corp., 907 F. 2d 1077, 1081 (11th Cir. 1990); Mack v. W.R. Grace Co., 578 F. Supp. 626, 630 (N.D. Ga. 1983); See also TIG Ins. Co. v. Sedgewick James of Washington, 276 F.3d 754, 759 (5th Cir. 2002) ("Conclusional [sic] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."); Hall v. Burger King Corp., 912 F. Supp. 1509, 1531 (S.D. Fla. 1995) (opining that conclusory allegations unsupported by facts will not overcome well-supported motion for summary judgment).

    Trinity seeks judgment in its favor as to any damages arising after the June 2004 incident. Trinity contends that the June 2004 incident was an independent intervening event that cuts off its liability as of the date of that incident. Specifically, Trinity contends that the June 2004 incident was a result of Holloman's negligence. In order to establish that its liability is cut off by an independent intervening event, Trinity must demonstrate that the injury (1) was attributable to an independent and intervening act of someone other than Trinity; (2) was not foreseeable by Trinity; (3) was not triggered by Trinity's alleged

acts, and (4) was sufficient to cause Holloman's alleged injuries.  Blakely v. Johnson, 220 Ga. 572, 576-77, 140 S. E. 2d, 857, 860 (1965).

The intervening act relied upon by Trinity is Holloman's making a misstep coming down a ladder.  Trinity argues that the misstep is totally independent of Trinity.  However, there is a factual issue concerning this point.  In his affidavit, Dr. James states that Holloman was more likely to miss the step because of the "stiffness and pain" from his earlier back surgery and their effect "on coordination and smooth and safe ambulation."  James aff. at ¶15.  Thus, there is a question of whether the misstep was a result of his earlier injury or his own negligence.

The evidence does not establish that Holloman's alleged negligence was sufficient to cause the injury.  The record does not support a conclusion that Holloman would have suffered the injury merely by making a misstep.  Dr. James states that Holloman would have had ongoing problems with his back even without the misstep. James aff. at ¶16.  Because of the factual issues associated with at least two of the factors Trinity must establish, Trinity is not entitled to summary judgment based on an independent intervening cause.

Trinity also asserts that Holloman's claims must fail as a matter of law under the doctrines of contributory negligence and comparative negligence.

9

However, this argument fails because factual issues preclude the Court from finding Holloman was negligent and from determining the proximate cause of his 2004 injury.

As an initial matter, there is an issue of fact as to whether Holloman was negligent in either his decision to return to work in June of 2004 or in his missing the step on the crane ladder. With respect to Holloman's election to return to work in June of 2004, the record does not conclusively establish that such a decision was unreasonable, even in view of Dr. James' recommendation that fusion patients typically wait one year after surgery before reinitiating full duty labor. Indeed, one of Trinity's theories in this case is that Holloman *was* well and able to return to work in June 2004. Even if that proves not to be the case, and Holloman was not or should not have been convinced that he had achieved a total recovery, the undisputed evidence of record shows that he believed he was sufficiently capable of performing his job. The facts before the Court do not permit it to conclude, as a matter of law, that such a belief was unreasonable at the time it was formed, nor does the record show that it would have been *per se* unreasonable for Holloman, in light of the circumstances, to return to work despite some lingering doubts as to his physical abilities. Cf. Johns v. Marlow, 252 Ga. App. 79, 80, 555 S.E.2d 756, 757 (2001) ("Ordinary care is that degree

10

AO 72A

of care which is exercised by ordinarily prudent persons *under the same or similar circumstances*.") (emphasis supplied).  Therefore, on the record presently before it, the Court cannot say that Holloman's decision to return to work was not negligent for purposes of Rule 56(c).

As for Holloman missing the step on the ladder, construing the evidence most favorably to Plaintiff, he missed the step not due to his own negligence but due to the 2001 injury.  Therefore, negligence could not be attributed to him for that act.  In the absence of negligence on his part, he cannot be found to be contributorily negligent or comparatively negligent to such a degree as to bar recovery.

Furthermore, even if Holloman was negligent, as discussed above, the proximate cause of the 2004 injury is also in dispute.  "The question of proximate cause is one for the jury except in palpable, clear, and indisputable cases."  Lankford v. Trust Co. Bank, 141 Ga.App. 639, 641, 234 S.E.2d 179, 182 (1977).  Resolution of the issue of proximate cause must be left to a jury in this case.

Asserting that Mrs. Holloman's loss of consortium claim is directly dependent on Holloman's claim, Trinity seeks summary judgment as to any loss occurring after the June 2004 incident.  Because the Court denies summary

11

judgment as to Holloman, summary judgment is not appropriate as to Mrs. Holloman.

## Conclusion

Based on the foregoing, the Court concludes that there are material issues of fact that preclude granting summary judgment to Trinity. Therefore, Trinity's Motion for Summary Judgment [66] is hereby **DENIED**. Pursuant to LR 16.4, the parties shall submit a proposed consolidated pretrial order to the Court within thirty (30) days of the entry of this Order.

SO ORDERED, this  18th  day of October, 2005.


/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE